## CARL LARTZ
### v.
## HENRIETTA GIBSON.

1. INSTRUCTIONS—SALE OF INTOXICATING LIQUOR.—As the instructions upon the sale of intoxicating liquor were not founded upon the evidence and assumed material facts to be proved, they were erroneous.

2. CIRCUMSTANCES ATTENDING ACCIDENT.—As there was nothing in the circumstances attending the accident in this case to justify the court in calling special attention to the circumstances by an instruction, much less to authorize the jury to find therefrom that the cow was vicious and accustomed to hook, notwithstanding the evidence to the contrary, it was error.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed November 20, 1883.

Messrs. RUBENS & McGAFFEY, for appellant; cited Hackett v. Smelsley, 77 Ill. 109.

As to proximate cause of death: Schmidt v. Mitchell, 84 Ill. 194; Shugart v. Egan, 83 Ill. 56; Lenken v. The People, 3 Bradwell, 375.

A charge of *selling* intoxicating liquor would not be sustained by proof of *giving* and *vice versa:* Humpeler v. The People, 92 Ill. 400; Brannan v. Adams, 76 Ill. 331.

No damages can be awarded where no injury is proved: Kellerman v. Arnold, 71 Ill. 632; Keedy v. Howe, 72 Ill. 136; Confrey v. Stark, 73 Ill. 187.

Mr. THOMAS F. TIPTON, for appellee; cited Schmidt v. Mitchell, 84 Ill. 195.

HIGBEE, J.  This was an action brought by Henrietta Gibson against appellant, a dram-shop keeper, to recover damages for causing the intoxication of her husband by reason whereof she was injured in her person and means of support.

The amended counts of the declaration allege that appellant sold to the husband of appellee intoxicating liquors, thereby causing him to become intoxicated, and while in that condition and in consequence thereof, he beat and wounded her whereby she was injured in her person.

It is contended that the court erred in giving in behalf of appellee an instruction authorizing a recovery under this count, because there was no proof before the court upon which to base the same.  An instruction not founded upon any evidence is well calculated to mislead the jury and should not be given.  The mere fact that appellee's husband may have beaten her when in a state of intoxication would not entitle her to recover against appellant unless the intoxication was caused in whole or in part by liquor obtained from him or some one acting for him.  This the evidence fails to show. It does not appear from the evidence that at any time when appellee's husband used personal violence toward her he was intoxicated in whole or in part by liquor obtained from appellant or his agents or servants.  The instruction, therefore, found no support in the evidence and was erroneously given.

The third count of the declaration alleges that appellant sold plaintiff's husband intoxicating liquors whereby he became and was intoxicated so that he could not take care of himself, and in consequence thereof, he went into the presence of a dangerous and vicious cow accustomed to hook mankind, and was by said cow hooked to death, whereby she was injured in her means of support.

The evidence in the record does not show that deceased

was injured by the cow in consequence of intoxication. Admit that he was somewhat intoxicated some time before his death on the same day, about which there is a conflict in the evidence, the uncontradicted testimony of Luther Gorthwait, Phillip Belden, Charles Peters and Mrs. Jesse, the last persons who saw him before the accident, leaves no room to doubt that at the time he received the fatal injury he was capable of taking the usual care of himself and in the possession of all his faculties.

The first instruction given for plaintiff below, assumes that deceased was intoxicated when he received the injury from the cow which resulted in his death. This was a material fact to be proved and it was error to assume it in an instruction.

The allegation that the cow was vicious and accustomed to hook mankind was not supported by a particle of evidence to be found in the record. On the contrary, Mrs. Jesse, the owner of the cow, testified that she was perfectly gentle and kind, and that she had never been known to hook, and her testimony was fully corroborated by that of Mr. Peters, the only other witness who testified on this point. This allegation was attempted to be sustained by an inference to be drawn from the manner of the attack made by the cow when the mortal wound was inflicted and the court at the instance of appellee instructed the jury as follows: "The court instructs the jury that in determining the issues in this case, if they find that the deceased was killed by an attack made by a cow, that in determining the question as to whether the cow was or was not vicious, the jury may consider the nature of the attack and all circumstances connected with the attack so far as the same appear from the evidence as to the attack, and from the whole evidence determine the question."

Deceased had been accustomed to feed the cow, and knew that she was gentle and kind in her disposition. At the time of the accident he went first to the house of Mrs. Jesse and from there to the barn, where he threw out some hay; when the cow started to go into the barn, being unable to reach the door and close it, he caught her by the horn to prevent her entering the barn and drew her head down, when,

in attempting to pass, she caught her horn in his left groin and penetrated the abdomen, inflicting a wound which soon afterward resulted in his death. We see nothing in the circumstances attending the accident to justify the court in calling special attention to them, by an instruction, much less to authorize the jury to find therefrom that the cow was vicious and accustomed to hook, notwithstanding the evidence to the contrary.

For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.